**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| MICHAEL M. THOMAS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:06CV1313MLM |
| ) | |
| JILL MCGUIRE, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

This matter is before the court on the Petition for Writ of Habeas Corpus filed by Petitioner Michael M. Thomas ("Petitioner") filed pursuant to 28 U.S.C. § 2254. Doc. 1. Respondent filed a Responses to Order to Show Cause Why a Writ of Habeas Corpus Should Not Be Granted. Doc. 4, Doc. 9. Petitioner filed a Traverse and an Amended Traverse. Doc. 11, Doc. 16. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(c). Doc. 3.

### I.
### BACKGROUND

On May 6, 2005, Petitioner pleaded guilty to production of a controlled substance and was sentenced to seven years incarceration in the Missouri Department of Corrections. At Petitioner's plea hearing he stated to the court that marijuana plants found by officers entering his residence were his; that more than five grams of marijuana were in his house; and that he knowingly and freely produced the marijuana. Resp. Ex. 7 at 17-18. Petitioner was sentenced on May 6, 2005, to seven years incarceration. Resp. Ex. 1 at 6. Petitioner did not file a direct appeal or a post-conviction relief motion in State court. Petitioner filed a habeas corpus petition in the State circuit court on May 10,

2006 and the circuit court issued an Order of Dismissal on June 6, 2006 and entered judgment on June 7, 2006. Resp. Ex. 1, Ex. 2. Petitioner then filed a habeas petition in the State appellate court on June 19, 2006 and the court denied his petition on June 20, 2006. Resp. Ex. 3, Ex. 4. Petitioner subsequently filed a habeas petition in the Missouri Supreme Court on June 30, 2006 and the court denied this petition on August 22, 2006. Resp. Ex. 5, Ex. 6. In each of his State habeas petitions Petitioner raised the same issues which he raises before this court in his § 2254 Petition.[1] Petitioner filed his §2254 Petition in this court on August 31, 2006, in which he raises the following issues:

(1) Petitioner's constitutional rights were violated because the marijuana plants used to charge and convict Petitioner of a felony under Mo. Rev. Stat. § 195.211 weighed less than five grams; this statute provides that production of less than five grams is a misdemeanor rather than a felony;

(2) Petitioner's constitutional rights were violated because the sentencing court lacked jurisdiction to find him guilty and to find that there was a factual basis to accept his plea because Petitioner did not produce in excess of five grams in order to be convicted of a felony under Mo. Rev. Stat. § 195.211;

(3) Petitioner's constitutional rights were violated because of the repeated and delayed prosecution by the St. Charles County prosecuting attorney in retaliation for Petitioner's exercising his rights and in order for the State to gain a tactical advantage.

Doc. 1 at 8, 10.

## III.
### LEGAL FRAMEWORK FOR EXHAUSTION, PROCEDURAL DEFAULT AND TIMELINESS ANALYSIS

---

[1] Petitioner has stated in his § 2254 Petition that the issues which he raised in his State habeas petitions are the same issues which he raises before this court in his § 2254 Petition. Doc. 1 at 4-5. Respondent does not dispute this. Respondent has not provided copies of Petitioner's State habeas petitions to this court as exhibits. Additionally, Respondent's Ex. 2, Judgment and Order of Dismissal of Petitioner's State habeas petition filed in the circuit court, states that Petitioner alleged that the amount of marijuana was insufficient to convict him of a class B felony, the issue raised in Petitioner's Ground 1 before this court.

2

**A.   Procedural Default**:

To preserve issues for federal habeas review, a state prisoner must fairly present his or her claims to state courts during direct appeal or in post-conviction proceedings. Sweet v. Delo, 125 F.3d 1144, 1149 (8th Cir. 1997). Failure to raise a claim in a post-conviction appeal is an abandonment of a claim. Id. at 1150 (citing Reese v. Delo, 94 F.3d 1177, 1181 (8th Cir. 1996)). A state prisoner who fails "'to follow applicable state procedural rules [for] raising the claims' (citation omitted) . . . , is procedurally barred from raising them in a federal habeas action, regardless of whether he has exhausted his state-court remedies." Id. at 1151 (citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991)). "[A] prisoner must 'fairly present' not only the facts, but also the substance of his federal habeas corpus claim." Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir. 1996) (en banc) (citation omitted). "[F]airly present" means that state prisoners are "required to 'refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue.'" Id. at 411-12. A state-law claim which is raised in state court which "is merely similar to the federal habeas claim is insufficient to satisfy the fairly presented requirement." Id. at 412.

The United States Supreme Court holds that a state prisoner can overcome procedural default if he or she can demonstrate cause and prejudice for the procedural default. Dretke v. Haley, 541 U.S. 386, 388-89 (2004). See also Coleman, 501 U.S. at 750 (holding that a state habeas petitioner can overcome procedural default by demonstrating cause for the default and actual prejudice or demonstrate that default will result in a fundamental miscarriage-of-justice; Battle v. Delo, 19 F.3d 1547, 1552 (8th Cir. 1994).

**B.   Exhaustion of State Remedies**:

Prior to considering the merits of a state petitioner's habeas claim, a federal court must determine whether the federal constitutional dimensions of the petitioner's claims were fairly presented to the state court. Smittie v. Lockhart, 843 F.2d 295, 296 (8th Cir. 1988). "If not, the federal court must determine if the exhaustion requirement has nonetheless been met because there are no 'currently available, non-futile remedies,' through which the petitioner can present his claim." Id. (citation omitted).

In regard to the exhaustion requirement the Eighth Circuit holds:

> "[I]t is well settled that only after some clear manifestation on the record that a state court will refuse to entertain petitioner's claims will the exhaustion requirement be disregarded as futile." Powell v. Wyrick, 657 F.2d 222, 224 (8th Cir.1981); accord Eaton v. Wyrick, 528 F.2d 477, 482 (8th Cir.1975). The question is usually whether state law provides any presently available state procedure for determining the merits of the petitioner's claim; not whether the state court would decide in favor of the petitioner on the merits. See, e.g., Lindner v. Wyrick, 644 F.2d 724, 727 (8th Cir.), cert. denied, 454 U.S. 872, 102 S.Ct. 345, 70 L.Ed.2d 178 (1981) (return to state court not futile because Missouri rule allows second post-conviction petition if the petitioner can show his claims are based on information not available at the time of the first petition); Thomas v. Wyrick, 622 F.2d 411, 414 (8th Cir.1980) (whether state rule barring claims not raised in direct appeal makes post-conviction remedy presently unavailable is a question of state law).

Snethen v. Nix, 736 F.2d 1241, 1245 (8th Cir. 1984).

**C.    Timeliness:**

Additionally, § 2244(d)(1) establishes a 1-year limitation period on petitions filed pursuant to § 2254. The limitation period of § 2244(d)(1) runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

4

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(2) states that "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Thus, the statute provides that any additional period during which the statute is tolled is added to the one-year period. Peterson v. Gammon, 200 F.3d 1202, 1204 (8th Cir. 2000). While a properly filed state petition for post-conviction relief is pending the 1-year period of § 2244(d)(2) is tolled. Williams v. Bruton, 299 F.3d 981, 982 (8th Cir. 2002). For a Missouri defendant, " judgment in a criminal case [ ] becomes final for purposes of appeal when sentence is entered, State v. Lynch, 679 S.W.2d 858, 860 (Mo. banc 1984), and an appeal must be filed within ten days thereafter. State ex rel. Wagner v. Ruddy, 582 S.W.2d 692, 693 (Mo. banc 1979). The same time limit applies to those cases where an appeal is permitted from a guilty plea. State v. Werbin, 597 S.W.2d 663, 664 (Mo.App.1980)." State v. Harris, 863 S.W. 699 (Mo. Ct. App. 1993).

United States Supreme Court Rule 13 provides that "a petition for writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of judgment." For purposes of tolling the 1-year statute of limitations, Eighth Circuit has provided authority for the premise that a state habeas petitioner is afforded this 90 days in regard to his direct appeal whether or not he files for

5

certiorari. See Curtiss v. Mount Pleasant Correctional Facility, 338 F.3d 851, 853 (8th Cir. 2003) (holding that a state-court judgment of conviction is final, starting the 1-year statute of limitations for a § 2254 petition, at the conclusion of all direct criminal appeals in the State system followed by the time allotted for filing for certiorari with the Supreme Court); Jihad v. Hvass, 267 F.3d 803, 804 (8th Cir. 2001) ("It is settled that 'the conclusion of direct review' includes the ninety days a state court defendant has to petition the Supreme Court of the United States for a writ of certiorari."); Peterson v. Gammon, 200 F.3d 1202, 1204 (8th Cir. 2000) ("[O]ne-year limitations period for filing habeas petition was tolled while petitioner sought post-conviction relief in state court, from date when petitioner filed his motion for post-conviction relief up until date when Missouri Court of Appeals affirmed the denial of post-conviction relief."). Thus, for a Missouri prisoner, the statute of limitations does not commence to run for ten days plus 90 days after judgment is entered in his direct appeal, even if he does not file for certiorari. Further the statute is tolled once he or she files a timely and properly filed post-conviction relief motion and remains tolled until the mandate issues in his or her appeal. See Williams, 299 F.3d at 983 (holding that the limitations period is tolled "during the appeal period, even if the petitioner does not appeal").

**D.    Missouri Rule 91- State Habeas Corpus Petition:**

Missouri Rule 91 provides that a person restrained of liberty within Missouri may seek relief pursuant to habeas corpus petition and specifically states that it "applies in all particulars not provided for by the foregoing provisions." Where a criminal defendant fails to timely bring a claim pursuant to state appellate or post-conviction procedure, there is authority that an issue unknown or not reasonably discoverable to the inmate during the period in which he could have file for relief under these procedures can provide the basis for habeas corpus relief under Rule 91. Brown v. Gammon,

6

947 S.W.2d 437, 440 (Mo. Ct. App. 1997) (citing Merriweather v. Grandison, 904 S.W.2d 485, 489 (Mo. Ct. App.1995); Walls v. Delo, 755 F. Supp. 873, 875 (E.D. Mo.1991)).

Also, under Missouri law "relief available under a writ of habeas corpus has traditionally been very limited, and courts are not required to issue this extraordinary writ where other remedies are adequate and available." Covey v. Moore, 72 S.W.3d 204, 209 (Mo. Ct. App. 2002) (quoting Clay v. Dormire, 37 S.W.3d 214, 217 (Mo. 2000) (en banc)). See also State ex rel.Simmons v. White, 866 S.W.2d 443, 446 (Mo. 1993) ("Habeas corpus may be used to challenge a final judgment after an individual's failure to pursue appellate and post-conviction remedies *only* to raise jurisdictional issues or in circumstances so rare and exceptional that a manifest injustice results.") (emphasis in original).

As noted by the Eighth Circuit in Preston v. Delo, 100 F.3d 596, 600 (8th Cir. 1996), a "Rule 91 petition 'may be used to challenge a final judgment after an individual's failure to pursue appellate and post-conviction remedies *only* to raise jurisdictional issues or in circumstances so rare and exceptional that a manifest injustice results.'" (quoting Simmons, 866 S.W.2d at 446). Also, "newly discovered evidence can be basis for Rule 91 petition." Id. (citing Wilson v. State, 813 S.W.2d 833, 834-35 (Mo.1991) (en banc)). Thus, a Missouri defendant who fails to file a direct appeal or a State post-conviction relief motion procedurally defaults claims that his conviction and/or sentence were in violation of the Constitution. See Simmons, 866 S.W.2d at 446 ("This state has established a procedural system that provides a timely review of criminal convictions. It allows for direct appeal and for post-conviction review of certain constitutional protections pursuant to Rules 29.15 and 24.035. ... [H]abeas corpus, however, was [not] designed for duplicative and unending challenges to the finality of a judgment.").

7

Where a Missouri prisoner fails to raise issues in his direct appeal or in post-conviction relief proceedings, he cannot base federal review pursuant to § 2254 on his filing a state petition for writ of habeas corpus which state petition is filed improperly pursuant to Missouri law. See Preston, 100 F.3d at 600. The Eighth Circuit has explained as follows that:

> Byrd v. Delo, 942 F.2d 1226 (8th Cir.1991), ... involv[ed] the Missouri Supreme Court's summary denial of a Rule 91 habeas petition with the same language as used in this case. We stated, "[a]fter Coleman [v. Thompson, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) ], there is simply no reason to construe an unexplained Rule 91 denial as opening up the merits of a previously defaulted federal issue," because such a denial rests on the Missouri procedural rule that Rule 91 cannot be used to raise claims that could have been raised on direct appeal or in a timely motion for post-conviction relief. Byrd, 942 F.2d at 1232. Both before and after Simmons, we have consistently followed Byrd 's rule regarding unexplained denials of Rule 91 petitions. See Reese v. Delo, 94 F.3d 1177, 1181 (8th Cir.1996); Charron v. Gammon, 69 F.3d 851, 857 (8th Cir.1995), cert. denied, 518 U.S. 1009, 116 S.Ct. 2533, 135 L.Ed.2d 1056 (1996); Anderson v. White, 32 F.3d 320, 321 n.2 (8th Cir.1994); Battle v. Delo, 19 F.3d 1547, 1561 (8th Cir.1994) (subsequent history omitted); Blair v. Armontrout, 976 F.2d 1130, 1136 (8th Cir.1992), cert. denied, 508 U.S. 916, 113 S.Ct. 2357, 124 L.Ed.2d 265 (1993).

Id.

## DISCUSSION

**A.     Timeliness:**

Respondent contends that Petitioner's § 2254 Petition was untimely. As provided by Missouri Supreme Court Rule 30.01(d), Petitioner had ten days to file a notice of appeal of the May 6, 2005 judgment and sentence but he failed to do so. Therefore, the judgment against Petitioner became final on May 16, 2005, which is ten days after his sentence was entered. See Harris, 863 S.W.2d at 700. Petitioner did not file a State post-conviction relief motion pursuant to Missouri Rule 24.035. As such, the statute of limitations continued to run from May 16, 2005, until it expired on May 16, 2006. Because Petitioner filed his § 2254 Petition on August 31, 2006, his Petition was untimely.

8

Petitioner contends that his Rule 91 State habeas petitions tolled the statute of limitations and that, therefore, his § 2254 Petition was timely. As stated above, only a State habeas petition which is properly filed pursuant to State law can toll the statute. See Preston, 100 F.3d at 600. Upon dismissing Petitioner's first habeas petition the State circuit court held that the issues raised by Petitioner in that petition "should have been raised by motion filed pursuant to Rule 24.035 and Petitioner's failure to timely file said motion operates as a waiver." Resp. Ex. 2. The State appellate and supreme courts denied Petitioner's habeas petitions without comment. Thus, Petitioner did not properly raise the issues which he raises in his § 2254 Petition in the Rule 91 habeas petitions filed in State court. See Preston, 100 F.3d at 600; Convey, 72 S.W.3d at 209; Simmons, 866 S.W.2d at 446. As such, Petitioner's State habeas petitions did not toll the 1-year statute of limitations applicable to his § 2254 Petition, the 1-year statute expired on May 16, 2006, and Petitioner's §2254 Petition is untimely. See Preston, 100 F.3d at 600.

Petitioner also contends that the 1-year statutory period should be equitably tolled because he received ineffective assistance of counsel because counsel compelled him to plead guilty based on his "impoverishment"; because counsel never explained to him in a manner which he could comprehend the elements of the crime to which he was pleading guilty; because counsel threatened to abandon Petitioner unless Petitioner could pay "counsel a large sum of money"; and because counsel "deprived Petitioner of the information necessary to permit Petitioner to recognize that the instant claim of actual innocence existed." Doc. 16 at 6.

The Eighth Circuit holds as follows in regard to equitable tolling:

> It is settled in this circuit (and most others) that the statute of limitations in § 2244(d) is subject to the doctrine of equitable tolling. See Gassler v. Bruton, 255 F.3d

9

> 492, 495 (8th Cir.2001). However, equitable tolling affords the otherwise time-barred petitioner an exceedingly narrow window of relief: Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time. Further, equitable tolling may be appropriate when conduct of the defendant has lulled the plaintiff into inaction. Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir.2000) (citations omitted), cert. denied, --- U.S. ----, 122 S.Ct. 145, --- L.Ed.2d ---- (2001). ...

Jihad, 267 F.3d at 804.

Upon addressing an argument by a habeas petitioner that the statute of limitations should be tolled based on ineffective assistance of counsel, the Eighth Circuit has held that "[i]neffective assistance of counsel generally does not warrant equitable tolling." Walker v. Norris, 436 F.3d 1026, 1033 (8th Cir. 2006) (citing Beery v. Ault, 312 F.3d 948, 950 (8th Cir.2002). Where a habeas petitioner's "lack of diligence, not extraordinary circumstances," caused the statute to run "[e]quitable tolling is not warranted." Id. The court in Walker further noted that the State's "fill-in-the-blanks" form for post-conviction relief was designed for prisoners to complete pro se. Likewise, the allegations of ineffective assistance of trial counsel which Petitioner in the matter under consideration makes to support his claim of equitable tolling could have been raised in a pro se Rule 24.035 post-conviction relief motion. Furthermore, to the extent Petitioner claims that his counsel did not explain the elements of the crime to which he pleaded guilty, at Petitioner's plea hearing the prosecutor stated that Petitioner was charged with the felony of production of a controlled substance which requires "knowingly producing more than five grams of marijuana, a controlled substance by means of cultivating it, knowing that it was a controlled substance." Resp. Ex. 7 at 9. The court asked Petitioner if his attorney reviewed the elements of the felony of production of a controlled substance and Petitioner responded that the attorney did so and that he understood the crime with

10

which he was charged.  Id.  Indeed, Petitioner knew of the basis for his claims of ineffective assistance of counsel at the time of his conviction.  Under such circumstances, Petitioner cannot establish the circumstances beyond his control or that the State lulled him into inaction which are a requisite for equitable tolling to apply.  See Baker v. Norris, 321 F.3d 769, 772 (8th Cir. 2003).

Petitioner also asserts that the statute of limitations should be tolled because of his actual innocence. In support of this claim Petitioner argues that the marijuana plants weighed .8 grams well under the five grams required under Mo. Rev. Stat. §195.211.  He basis this assertion on the laboratory report.  First, the court notes that the portion of the laboratory report to which Petitioner is referring addresses only the contents of one paper bag although the items submitted to the laboratory also included, among other things, numerous zip lock bags "containing green vegetation," a zip lock bag containing seeds, and a zip lock bag containing residue.  Doc. 1, Ex. B.  Second, the factual basis for Petitioner's claim that he did not have more than five grams of marijuana existed at the time Petitioner pleaded guilty. See Baker, 321 F.3d at 772. Third, Petitioner swore before the trial court that he did, in fact, commit the felony of production of a controlled substance; that the plants found by the police in his house were his; and that "there were more than five grams of marijuana in [his] house"; that he knowingly cultivated the marijuana; and that he knew it was a controlled substance.  Id. at 13, 17-18.  For the foregoing reasons, the court finds that Petitioner has not shown that circumstances beyond his control made it impossible for him to timely file his § 2254 Petition or that he was otherwise prevented from filing a timely petition by extraordinary circumstances, including alleged ineffective assistance of counsel and alleged innocence.  See Jihad, 267 F.3d at 805. The court further finds that Petitioner's argument that the 1-year statute of limitations should be equitably tolled is without merit and that, therefore, his § 2254 Petition should be dismissed as

11

untimely.

**B.     Procedural Default:** [2]

The court will alternatively consider whether Petitioner has procedurally defaulted issues which he raises in his § 2254 Petition. Petitioner has procedurally defaulted these issues as he did not raise them in a properly filed State post-conviction relief motion. See Coleman, 501 U.S. at 731-32; Sweet, 125 F.3d at 1149; Preston, 100 F.3d at 600. To the extent that Petitioner asserts actual innocence should excuse his procedural default, the court finds for the same reasons stated above in regard to the discussion of timeliness that his assertion in this regard is insufficient. Indeed, his sworn testimony at the plea hearing belies Petitioner's claim of actual innocence. Further, to the extent that Petitioner alleges ineffective assistance of counsel should excuse his procedural default, "'attorney error that results in a procedural default' is not cause unless the attorney's performance was constitutionally deficient." Armstrong v. Iowa, 418 F.3d 924, 927 (8th Cir. 2005) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)), cert. denied, 126 S. Ct. 1351 (2006). As Petitioner acknowledged that he was guilty of the elements of the crime to which he pleaded guilty, Petitioner cannot establish that he received constitutionally ineffective assistance of counsel. See Auman v. United States, 67 F.3d 157, 162 (8th Cir. 1995) ( holding that to establish ineffective assistance of counsel a habeas petitioner must show that "(1) his counsel so grievously erred as to not function as the counsel guaranteed by the Sixth Amendment; and (2) his counsel's deficient performance prejudiced his defense") (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)).

---

[2]     Although Respondent does not argue that Petitioner procedurally defaulted the issues raised in his § 2254 Petition, a federal court has "discretion to consider an issue of procedural default sua sponte." King v. Kemna, 266 F.3d 816, 822 (8th Cir. 2001).

## CONCLUSION

For the reasons more fully set forth above, the court finds that Petitioner's § 2254 Petition should be dismissed as untimely. The court alternatively finds that Petitioner has procedurally defaulted the issues which he raises in his § 2254 Petition. The undersigned further finds that the grounds asserted by Petitioner do not give rise to a any issues of constitutional magnitude. Because Petitioner has made no showing of a denial of a constitutional right, Petitioner should not be granted a certificate of appealability in this matter. See Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).

Accordingly,

**IT IS HEREBY ORDERED** that the § 2254 Petition filed by Petitioner is **DISMISSED**, with prejudice. Doc. 1

**IT IS FURTHER ORDERED** that for the reasons stated herein, any motion by Petitioner for a certificate of appealability will be **DENIED**.

**IT IS FURTHER ORDERED** that a separate judgment will be entered this same date.

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this 22nd day of May, 2007.